# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
### AIKEN DIVISION

| | | |
|---|---|---|
| Kenisha Jackson, | ) | Civil Action No. 1:16-2831-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| City of Aiken Housing Authority; Reginal | ) | |
| Barner, *in his official capacity as Chief* | ) | |
| *Executive Officer of the City of Aiken* | ) | |
| *Housing Authority; and* Debra Young, *in* | ) | |
| *her official capacity as Director of the* | ) | |
| *Housing Choice Voucher Program for the* | ) | |
| *City of Aiken Housing Authority,* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on Plaintiff's motion for partial summary judgment as to liability and Defendants' motion for summary judgment. For the reasons set forth below, the Court grants in part and denies in part Plaintiff's motion for partial summary judgment, and grants in part and denies in part Defendants' motion for summary judgment.

## I.    Background

This Court's previous findings of fact (Dkt. No. 48) provide most of the necessary background for this case. Plaintiff is a single mother of four children. The City of Aiken Housing Authority ("CAHA") is a public housing agency as defined in 42 U.S.C. § 1437a(b)(6) and 24 C.F.R. § 982.4(b). CAHA is a federally funded state entity administering the housing voucher program authorized by Section 8 of the Housing Act of 1937, 42 U.S.C. § 1437f. Section 8 authorizes the payment of rental housing assistance to private landlords on behalf of low-income households. Public housing authorities like CAHA receive federal funds from the U.S. Department of Housing and Urban Development (HUD) to administer the voucher program. A

family issued a housing voucher is responsible for finding suitable housing where the owner agrees to rent under the program. The housing subsidy is paid to the landlord directly by the public housing authority on behalf of the participating family. The family then pays the difference between the actual rent charged by the landlord and the amount subsidized by the program.

Plaintiff is a participant in the Section 8 Housing Choice Voucher ("HCV") program managed by CAHA. Plaintiff began participating in the Section 8 HCV program operated by CAHA in approximately 2010. On August 1, 2012, Plaintiff entered into a residential lease agreement with Frances W. Allred for use of property located at 5018 Trotter Court in Jackson, South Carolina. When the residential lease expired on July 31, 2013, Plaintiff continued to live at the Trotter Court property as a month-to-month tenant until July 1, 2016.

In May 2016, Plaintiff received an offer of employment in Fort Mill, South Carolina and she decided to move to take the offer. Plaintiff contacted CAHA, which informed her that she must have her landlord, Mr. Allred, sign a form, referred to as a 'blue form,' indicating that the tenancy was terminated. CAHA would need to have that form at least 30 days before Plaintiff moved from 5018 Trotter Court. Between May 24 and June 7, 2016, Plaintiff attempted unsuccessfully to procure a signed blue form from Mr. Allred. Plaintiff asserts Mr. Allred believed that she owed him money under the lease and that he would not sign the blue form unless she paid him.

On July 1, 2016, Plaintiff moved out of the Trotter Court residence. In July 2016, Plaintiff and Mr. Allred continued to disagree on the amount of damages Plaintiff would have to pay in order for Mr. Allred to sign the blue form. CAHA would not provide Plaintiff's HCV without the signed blue form. Without her HCV, Plaintiff and her four children were forced to move into her sister's home in Fort Mill. On July 28, 2016, Defendant Debra Young, director of the HCV

program, received a letter of representation from Plaintiff's counsel "advising that he was representing the Plaintiff, setting forth her position on the dispute with her Landlord, and requesting a grievance hearing to be scheduled within 14 days." (Dkt. No. 45-1 at 3 ¶ 6.) On August 15, 2016, Plaintiff filed the present action against Defendants asserting claims under 42 U.S.C. § 1983 for violation of Plaintiff's procedural due process rights and violation of the South Carolina Unfair Trade Practices Act ("SCUTPA"). Later on that day, Ms. Young contacted Plaintiff's counsel "to schedule the grievance hearing" and was told "that suit had already been filed in U.S. District Court." (Dkt. No. 45-1 at 3 ¶ 8.) No grievance hearing was ever scheduled.

On August 16, 2016, Plaintiff moved for a preliminary injunction, seeking an order "requiring Defendants to immediately process Plaintiff's request to move and permit her to utilize her HCV program rental assistance at an appropriate home of her choosing." (Dkt. No. 9 at 1.) The Court granted a preliminary injunction on December 14, 2016. (Dkt. No. 48.) CAHA issued Plaintiff a voucher in January 2017. Plaintiff ultimately was able to secure housing with her voucher in April 2017. Plaintiff alleges that she received no rental assistance under CAHA's HCV program from July 2016 to April 2017, causing her to move five times between relatives' homes and a temporary shelter for homeless persons.

## II.  Legal Standard

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In other words, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005,

1008 (4th Cir. 1996). The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

### III. Discussion

### A. Section 1983 Claims

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) "the violation of a right secured by the Constitution and laws of the United States" and (2) this violation "was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). A municipality is a person amenable to suit under § 1983, but municipal liability requires the plaintiff to show that the municipal custom or policy deprived a federally protected right. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). "[C]ourts have found actions of state and municipal agencies administering federally funded programs to be actions undertaken under color of state law." *Jorgensen v. City of Clarksburg, W. Va.*, 89 F.3d 828 (table), 1996 WL 366324, at *1 n.3 (4th Cir. July 2, 1996).

There is no dispute that CAHA, a state agency, and that the individual defendants in their official capacities as state employees acted under color of state law. Plaintiff asserts Defendants violated her procedural due process rights under the Fourteenth Amendment by effectively

terminating her HCV assistance without making an official determination that she was subject to termination from the HCV program and without offering her a grievance hearing. To succeed on a procedural due process claim, a plaintiff must establish three elements: (1) "he had a constitutionally cognizable life, liberty, or property interest"; (2) "the deprivation of that interest was caused by 'some form of state action'"; and (3) "'the procedures employed were constitutionally inadequate.'" *Sansotta v. Town of Nags Head*, 724 F.3d 533, 540 (4th Cir. 2013) (citations omitted).

Statutory entitlements to welfare benefits are cognizable property interests that the state may not terminate without due process. *Goldberg v. Kelly*, 397 U.S. 254 (1970); *Swann v. Gastonia Housing Auth.*, 675 F.2d 1342, 1346 (holding, with regard to Section 8 entitlements, that "[i]t is now beyond such statutory entitlements are protected by the due process clause"). Indeed, Defendants do not contest that Plaintiff has a property interest in HCV benefits administered by CAHA or that she was denied HCV benefits for some period. Nor can they contest that the denial of HCV benefits by a state agency was a "form of state action."

The principal issue is whether CAHA's procedures under which CAHA denied HCV benefits were constitutionally adequate. Requests to transfer HCV benefits to move are governed by 24 C.F.R. § 982.354. That regulation provides a family may retain HCV benefits when moving only if the tenant gives notice of lease termination to the landlord and if the tenant had the right to terminate the lease in that way. 24 C.F.R. § 982.354(b)(3). There is no dispute that Plaintiff had a month-to-month lease with Mr. Allred. Under South Carolina law, persons in month-to-month leases may terminate their leases on thirty days written notice.

Plaintiff asserts CAHA may deny a request to move while transferring HCV benefits only in accordance with 24 C.F.R. § 982.552, which provides the grounds for termination from the

HCV program.[1] When a public housing authority finds grounds for termination from the HCV, it must provide the beneficiary notice and an opportunity for a hearing as set forth in 24 C.F.R. § 982.555. That regulation accords with the due process requirements of the Fourteenth Amendment. The Fourteenth Amendment requires that recipients of public benefits receive notice and a meaningful opportunity to be heard before adverse action affecting their benefits. *Goldberg*, 397 U.S. at 268. Defendants apparently concede this point. They also admit that no official determination to terminate Plaintiff from the HCV program was made, that Plaintiff received no notice of a termination, and that Plaintiff was not offered a hearing. (*See* Dkt. No. 62-4 (deposition of CAHA HCV program director Young).)

Despite those admissions, Defendants oppose summary judgment on Plaintiff's § 1983 claim on three bases. None has merit. First, they argue that Mr. Allred's dispute with Plaintiff regarding moneys owed was not baseless or unsubstantiated, and that Plaintiff was afforded an opportunity to refute his claims through informal exchanges with CAHA staff. (Dkt. No. 63-1 at 7–9.) That argument is not relevant. Defendants do not dispute that Plaintiff provided notice of lease termination no later than June 5, 2016 (Dkt. No. 63-1), that as a month-to-month tenant she had a right to terminate her lease by providing notice of termination,[2] or that she was denied HCV benefits until this Court enjoined Defendants. CAHA's transfer policy provides "[i]f the participant has a delinquent balance due to the owner, a transfer may be denied until the balance is paid in full." (Dkt. No. 63-6.) Defendants essentially argue Plaintiff's transfer request was

---

[1] There is another proper basis for denial of benefits, lack of agency funding, but Defendants do not assert Plaintiff's HCV benefits were denied for lack of agency funding.

[2] Plaintiff asserts she provided notice on May 24, 2016 via text message (Dkt. No. 62-1 at 3), more than thirty days before she moved out. Whether Plaintiff provided a full thirty days' notice goes to damages, not liability, because it is undisputed that CAHA refused to provide Plaintiff's HCV voucher for a period well beyond thirty days after Plaintiff moved out of Trotter Court.

denied on that basis. But the issue is not whether a proper basis existed upon which to deny Plaintiff's transfer request, it is whether Defendants provided Plaintiff with the constitutionally required procedural due process when denying Plaintiff's transfer request. Defendants admit they did not. (*See* Dkt. No. 62-4 (Ms. Young admitting CAHA made a determination that Plaintiff owed money to Mr. Allred, that by policy CAHA would not process a request to move unless the balance was paid and that Plaintiff's right to maintain HCV benefits when moving was subject to paying the balance owed Mr. Allred, and that notice of hearing rights was provided because CAHA did not consider that a termination from the HCV program).) CAHA's position that an indefinite refusal to process a request to maintain HCV benefits when moving (after giving the landlord proper notice of termination of the lease) is not a termination of HCV benefits is wholly without merit. (*See id.* (Ms. Young asserting that it would not be a termination of HCV benefits to require a beneficiary to "jump over the moon" to maintain benefits.).)

Second, Defendants devote several pages of briefing to assert Mr. Barner and Ms. Young enjoy qualified immunity. Those pages are wasted because Mr. Barner and Ms. Young are sued only in their official capacities. *See Ridpath v. Bd. of Governors Marshall Univ.*, 447 F.3d 292, 306 (4th Cir. 2006) ("Qualified immunity may be invoked by a government official sued in his personal, or individual, capacity. This defense is not available in an official-capacity suit brought against a government entity or a government officer as that entity's agent. (citation omitted)).

Third, Defendants argue CAHA is not a person within the meaning of § 1983. That argument is without merit. Under South Carolina law, CAHA is a "corporate body." S.C. Code § 31-3-20(2). "Courts within the Fourth Circuit have routinely presumed public housing authorities to be amenable to suit under § 1983." *DiVetro v. Hous. Auth. of Myrtle Beach*, No. 4:13-CV-01878-RBH, 2014 WL 3385163, at *4 n.12 (D.S.C. July 10, 2014)). Public housing

authorities are amendable to suit under § 1983 if the alleged unconstitutional action implements a policy, regulation, official decision, or custom of the authority. *See Monell*, 436 U.S. at 690; *Swann*, 675 F.2d at 1345. CAHA admits its policy was to deny HCV benefits indefinitely, without providing notice of an actual determination by CAHA or notice of rights to a hearing on that determination. (Dkt. No. 62-4.)

Finally, Defendants argue in their reply brief that "the hearing process was impaired by the imposition of arbitrary expedited deadlines imposed by Plaintiff." That refers to Plaintiff's counsel's July 28, 2016 representation letter to Defendants, which provided, "If your position remains unchanged, please consider this letter a request for a grievance hearing pursuant to 24 C.F.R. § 982.555. If I do not hear from you within 14 days of the date of this letter, I will assume that your position remains unchanged and I may take further action on Ms. Jackson's behalf." (Dkt. No. 67-10.) When Ms. Young responded 18 days later, on August 15, 2016, purportedly to schedule a hearing, the present suit had already been filed.

Because of the potential for tenancy disputes to render low-income families homeless, Section 8 regulations expressly allow families to request expedited hearings. 24 C.F.R. § 982.555(d) ("Where a hearing for a participant family is required under this section, the [public housing authority] must proceed with the hearing in a reasonably expeditious manner upon the request of the family.") The Court therefore finds that the fourteen-day window counsel provided CAHA merely to respond to a request for a hearing—not to hold a hearing or even to schedule a hearing—was reasonable and did not "impair" the hearing process.

Thus, there are no genuine disputes of facts material to Plaintiff's assertion that Defendants, acting under color of state law and in execution of CAHA's written policy regarding transfers, violated Plaintiff's procedural due process rights under the Fourteenth Amendment by effectively

terminating her HCV assistance without making an official determination that she was subject to termination from the HCV program and without providing notice of her rights to a hearing. Plaintiff therefore is entitled to summary judgment as to liability under § 1983.

**B.    SCUTPA Claims**

The SCUTPA forbids "unfair or deceptive acts or practices in the conduct of any trade or commerce." S.C. Code § 39-5-20(a). "An unfair trade practice has been defined as a practice which is offensive to public policy or which is immoral, unethical, or oppressive." *Wogan v. Kunze*, 623 S.E.2d 107, 120 (S.C. Ct. App. 2005). "To recover in an action under the UTPA, the plaintiff must show: (1) the defendant engaged in an unfair or deceptive act in the conduct of trade or commerce; (2) the unfair or deceptive act affected public interest; and (3) the plaintiff suffered monetary or property loss as a result of the defendant's unfair or deceptive act(s)." *Wright v. Craft*, 640 S.E.2d 486, 498 (S.C. Ct. App. 2006).

Plaintiff's claims under the SCUTPA are without merit. The South Carolina Supreme Court has provided,

> As defined by the SCUTPA, "trade or commerce" includes "the advertising, offering for sale, sale or distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity or thing of value wherever situate, and shall include any trade or commerce directly or indirectly affecting the people of this State." S.C. Code Ann. § 39–5–10(b) (1985). By these plain terms, it is clear the General Assembly intended for the SCUTPA to apply to business or consumer transactions.
>
> Furthermore, by its very definition, "trade or commerce" involves "[e]very business occupation carried on for subsistence or profit and involving the elements of bargain and sale, barter, exchange, or traffic." Black's Law Dictionary (9th ed. 2009); *see Bretton v. State Lottery Comm'n*, 41 Mass. App. Ct. 736, 673 N.E.2d 76, 78–79 (1996) (recognizing that "the proscription in § 2 of 'unfair or deceptive acts or practices in the conduct of any trade or commerce' must be read to apply to those acts or practices which are perpetrated in a business context" (citations omitted)).

*Health Promotion Specialists, LLC v. S.C. Bd. of Dentistry*, 743 S.E.2d 808, 816 (2013). Obviously, the administration of a governmental income assistance program by a governmental

entity is not an activity in trade or commerce "perpetrated in a business context." The Court therefore denies Plaintiff's motion for summary judgment and grants Defendants' motion for summary judgment as to SCUPTA claims.

## IV.  Conclusion

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion for partial summary judgment (Dkt. No. 62) as to liability under 42 U.S.C. § 1983, and **DENIES** Plaintiff's motion as to liability under the SCUTPA. The Court **GRANTS** Defendants' motion for summary judgment (Dkt. No. 63) as to liability under the SCUPTA and **DENIES** Defendants' motion as to liability under 42 U.S.C. § 1983. The issue of remedies is reserved for trial.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

September 2‑4, 2017
Charleston, South Carolina

authority. *See Monell*, 436 U.S. at 690; *Swann*, 675 F.2d at 1345. CAHA admits its policy was to deny HCV benefits indefinitely, without providing notice of an actual determination by CAHA or notice of rights to a hearing on that determination. (Dkt. No. 62-4.)

Finally, Defendants argue in their reply brief that "the hearing process was impaired by the imposition of arbitrary expedited deadlines imposed by Plaintiff." That refers to Plaintiff's counsel's July 28, 2016 representation letter to Defendants, which provided, "If your position remains unchanged, please consider this letter a request for a grievance hearing pursuant to 24 C.F.R. § 982.555. If I do not hear from you within 14 days of the date of this letter, I will assume that your position remains unchanged and I may take further action on Ms. Jackson's behalf." (Dkt. No. 67-10.) When Ms. Young responded 18 days later, on August 15, 2016, purportedly to schedule a hearing, the present suit had already been filed.

Because of the potential for tenancy disputes to render low-income families homeless, Section 8 regulations allow families to request expeditious hearings. 24 C.F.R. § 982.555(d) ("Where a hearing for a participant family is required under this section, the [public housing authority] must proceed with the hearing in a reasonably expeditious manner upon the request of the family.") The Court therefore finds that the fourteen-day window counsel provided CAHA merely to respond to a request for a hearing—not to hold a hearing or even to schedule a hearing—was reasonable.

Thus, there are no genuine disputes of facts material to Plaintiff's assertion that Defendants, acting under color of state law and in execution of CAHA's written policy regarding transfers, violated Plaintiff's procedural due process rights under the Fourteenth Amendment by effectively terminating her HCV assistance without making an official determination that she was subject to

termination from the HCV program and without providing notice of her rights to a hearing. Plaintiff therefore is entitled to summary judgment as to liability under § 1983.

**B.    SCUTPA Claims**

The SCUTPA forbids "unfair or deceptive acts or practices in the conduct of any trade or commerce." S.C. Code § 39-5-20(a). "An unfair trade practice has been defined as a practice which is offensive to public policy or which is immoral, unethical, or oppressive." *Wogan v. Kunze*, 623 S.E.2d 107, 120 (S.C. Ct. App. 2005). "To recover in an action under the UTPA, the plaintiff must show: (1) the defendant engaged in an unfair or deceptive act in the conduct of trade or commerce; (2) the unfair or deceptive act affected public interest; and (3) the plaintiff suffered monetary or property loss as a result of the defendant's unfair or deceptive act(s)." *Wright v. Craft*, 640 S.E.2d 486, 498 (S.C. Ct. App. 2006).

Plaintiff's claims under the SCUTPA are without merit. The South Carolina Supreme Court has provided,

> As defined by the SCUTPA, "trade or commerce" includes "the advertising, offering for sale, sale or distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity or thing of value wherever situate, and shall include any trade or commerce directly or indirectly affecting the people of this State." S.C. Code Ann. § 39–5–10(b) (1985). By these plain terms, it is clear the General Assembly intended for the SCUTPA to apply to business or consumer transactions.
>
> Furthermore, by its very definition, "trade or commerce" involves "[e]very business occupation carried on for subsistence or profit and involving the elements of bargain and sale, barter, exchange, or traffic." Black's Law Dictionary (9th ed. 2009); *see Bretton v. State Lottery Comm'n*, 41 Mass. App. Ct. 736, 673 N.E.2d 76, 78–79 (1996) (recognizing that "the proscription in § 2 of 'unfair or deceptive acts or practices in the conduct of any trade or commerce' must be read to apply to those acts or practices which are perpetrated in a business context" (citations omitted)).

*Health Promotion Specialists, LLC v. S.C. Bd. of Dentistry*, 743 S.E.2d 808, 816 (2013). Obviously, the administration of a governmental income assistance program by a governmental entity is not an activity in trade or commerce "perpetrated in a business context." The Court

therefore denies Plaintiff's motion for summary judgment and grants Defendants' motion for summary judgment as to SCUPTA claims.

## IV.  Conclusion

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion for partial summary judgment (Dkt. No. 62) as to liability under 42 U.S.C. § 1983, and **DENIES** Plaintiff's motion as to liability under the SCUTPA.  The Court **GRANTS** Defendants' motion for summary judgment (Dkt. No. 63) as to liability under the SCUPTA and **DENIES** Defendants' motion as to liability under 42 U.S.C. § 1983.  The issue of remedies is reserved for trial.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

September 2̲6̲, 2017
Charleston, South Carolina